# COMPOSITE EXHIBIT - 1

# INDEX TO COMPOSITE EXHIBIT - 1

1.      State Court Docket

2.      Civil Cover Sheet

3.      Complaint

4.      Plaintiff Notice of First Interrogatories

5.      Plaintiff's Request for Admissions

6.      Plaintiff's Request for Production

7.      Blank Summons for Issuance by Clerk

8.      Summons Issued by Clerk

9.      Notice of Appearance and Designation of Primary Email by Defense Counsel

1.



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us   My Account   

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**FRANCEOUR CHERFRERE VS WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-000946-CA-01 | Filing Date: | 01/18/2022 |
| State Case Number: | 132022CA000946000001 | Judicial Section: | CA24 |
| Consolidated Case No.: | N/A | Case Type: | Insurance Claim |
| Case Status: | OPEN | | |

## 👥 Parties

Total Of Parties: 2  ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | CHERFRERE, FRANCEOUR | **B#:  (Bar Number)**18696<br>**N:  (Attorney Name)**K Brian Roller (esq) | |
| Defendant | WESTCHESTER SURPLUS LINES INSURANCE COMPANY | | |

## 🔧 Hearing Details

Total Of Hearings: 0  ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 🔊 Dockets

Total Of Dockets: 11  ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 02/24/2022 | | Notice of Appearance | Event | |
| | | 02/11/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 9 | 02/11/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 7.**<br>Parties: WESTCHESTER SURPLUS LINES INSURANCE COMPANY |
| | 8 | 02/11/2022 | | Receipt: | Event | **RECEIPT#:3000214 AMT PAID:$10.00 NAME:K BRIAN ROLLER (ESQ) THE ROLLER LAW GROUP 801 NE 167 STREET NORTH MIAMI FL 33162 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:02/11/2022 REGISTER#:300 CASHIER:EFILINGUSER** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 7 | 02/10/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 6 | 01/20/2022 | | Receipt: | Event | RECEIPT#:3010199 AMT PAID:$401.00 NAME:K BRIAN ROLLER (ESQ) THE ROLLER LAW GROUP 801 NE 167 STREET NORTH MIAMI FL 33162 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:01/20/2022 REGISTER#:301 CASHIER:EFILINGUSER |
| 📄 | 5 | 01/18/2022 | | Request for Production | Event | |
| 📄 | 4 | 01/18/2022 | | Request for Admissions | Event | |
| 📄 | 3 | 01/18/2022 | | Notice of Interrogatory | Event | |
| 📄 | 2 | 01/18/2022 | | Complaint | Event | |
| 📄 | 1 | 01/18/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us





## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.

2.

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>FRANCEOUR CHERFRERE</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>WESTCHESTER SURPLUS LINES INSURANCE COMPANY</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☒ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>2</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ K Brian Roller</u>       Fla. Bar # <u>18696</u>
    Attorney or party             (Bar # if attorney)

<u>K Brian Roller</u>       <u>01/18/2022</u>
 (type or print name)         Date

3.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE                          GENERAL JURISDICTION DIVISION
                                             CASE NO.:

     Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

     Defendant.

_____/

## **COMPLAINT**

    Plaintiffs FRANCEOUR CHERFRERE (the "Insured"), hereby sue Defendant,

WESTCHESTER SURPLUS LINES NSURANCE COMPANY (the "Insurance Company"), and

allege as follows:

    1.    That this is an action for money damages within the jurisdiction of this Court as the

amount in controversy is in excess of $30,000.00, exclusive of interest, costs and attorney's fees.

    2.    That at all times material hereto, Plaintiffs were and are residents of Miami-Dade

County, Florida.

    3.    That at all times material hereto, Defendant was and still is a Florida corporation

organized under the laws of the State of Florida, and actively doing business in Miami-Dade

County, Florida and is *sui juris*.

    4.    Jurisdiction and Venue are proper in Miami-Dade County, Florida.

    5.    All conditions precedent have been satisfied or waived.

**GENERAL ALLEGATIONS**

6.   Plaintiff purchased from Defendant and maintained in full force and effect; a policy of insurance bearing number FSF15768654 001 (the "Policy").

7.   Such Policy was issued by the Defendant to Plaintiff and provided coverage for the Plaintiff's property located at 580 NE 134th Street, Miami, Florida 33161 (hereinafter the "Property").

8.   Pursuant to the Policy provisions, Defendant agreed to provide insurance coverage for the insured property against losses.

9.   On or about June 24, 2021, while the Policy was in full force and effect, the Property sustained a covered loss as a result of fire damaging kitchen cabinets, floor, roof in the shower and bedroom. (The "Loss").

10.   Plaintiff notified Defendant of the loss. Defendant acknowledged the loss and assigned to it claim number **KY21K2541913.**

11.   Plaintiffs requested benefits under the subject policy of insurance as a result of the damages sustained to the property.

12.   The damages to the subject property are covered by the insurance policy issued by Defendant.

13.   Now that Plaintiffs have the necessity to use insurance benefits, Defendant refuses to indemnify Plaintiff for the damages covered under the policy.

14.   Plaintiff has been paying premiums in a timely manner and has complied with all conditions precedent.

15.     Defendant has refused to indemnify Plaintiff for the covered damages and costs of repair expenses.

16.     Defendant has wholly denied coverage for the loss, despite the loss being covered under the subject policy, and has refused to issue any payments to Plaintiff, in breach of the subject policy of insurance.

17.     As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees.

18.     Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

## COUNT I
## BREACH OF CONTRACT

19.     Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     The Defendant's refusal to acknowledge coverage and to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law and was a breach of said contract of insurance.

21.     Defendant's denial of coverage for damages sustained as a result of a covered loss i.e. plumbing failures and breaks, was and is a breach of the insurance policy.

22.     As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

23.     As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees. Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

WHEREFORE, the Insured(s) respectfully requests that this Court enter judgment against the Insurance Company for compensatory damages, additional living expenses, plus interest, court costs and reasonable attorney's fees pursuant to Section §627.428, Florida Statutes.

## COUNT II – DECLARATORY RELIEF

24.     Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

25.     This is an action for declaratory judgment pursuant to Chapter 86 Florida Statutes.

26.     The Plaintiff seeks declaratory relief as to their insurance coverage rights and Defendant's duties and obligations under the policy to provide coverage for the losses sustained at issue herein, and the Plaintiff's power, privilege and/or rights.

27.     Plaintiff suffered a direct physical loss due to a fire while the policy was in full effect.

28.     Although Plaintiff believes there has been a covered loss, Defendant's denial of coverage by failing to ever acknowledge coverage, failure to issue payment, and failure to provide any policy exclusions or provisions which would bar coverage for the loss, has created uncertainty and doubt regarding Plaintiff's rights and Defendant's duties and obligation.

29.     The subject policy states:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.

**3. Loss Settlement.** Covered property losses are settled as follows:

   **b.** Buildings under Coverage A or B at replacement cost without

deduction for depreciation, subject to the following:

**(1)** If, at the time of loss, the amount of insurance in this policy

on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:

**(a)** The limit of liability under this policy that applies to the building;

**(b)** The replacement cost of that part of the building damaged for like construction and use on the same premises; or

**(c)** The necessary amount actually spent to repair or replace the damaged building.

30.      Plaintiff reported a direct loss to physical property, and based upon the above language, Plaintiff believes Defendant is obliged to provide coverage for this loss.

31.      Based upon Defendant's complete failure to provide coverage and failure to assert any exclusion(s) or other provisions of the policy that would bar coverage for the loss, Plaintiff is in doubt as to its rights and Defendant's duties and obligations.

32.      Plaintiff believes that Defendant had a duty to investigate the claim and provide coverage where it exists, however, Defendant has refused to do so, leaving Plaintiff in doubt as to its rights.

33.      The sections of Florida's declaratory judgments statutes, chapter 86, Florida Statutes (2003), that we conclude are applicable to declaratory judgment actions regarding insurance coverage provide:

**86.011 Jurisdiction of trial court.-**The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.... The court may render declaratory judgments on the existence, or nonexistence:

(1)     Of any immunity, power, privilege, or right; *or*

(2) *Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. ...*

**86.021 Power to construe.-**Any person claiming to be interested or who may be in doubt about his or her rights under a ... contract ... or whose rights, status, or other equitable or legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under such ... contract ... or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

**86.051 Enumeration not exclusive.-**The enumeration in ss. 86.021, 86.031 and 86.041 *does not limit or restrict the exercise of the general powers conferred in s. 86.011* in any action where declaratory relief is sought....

**86.071 Jury trials.-***When an action under this chapter concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending.* To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury....

**86.101 Construction of Law.-***This chapter* is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and *is to be liberally administered and construed.*

34.     As stated in <u>Higgins v. State Farm Fire & Cas. Co.</u>, 894 So. 2d 5, 12 (Fla. 2004), the courts have the general power to issue declaratory judgments not only in suits seeking a determination of the existence or nonexistence of any "immunity, power, privilege, or right" but also in suits *solely* seeking a determination of any fact affecting the applicability of an "immunity, power, privilege, or right."

35.     The declaratory judgment statutes authorize declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action.

36.     Due to Defendant's ambiguous and contradictory denial, Plaintiff's rights and status have been affected. Accordingly, there is a bona fide, actual, present and practical need for a declaration by this Court of the Plaintiff's insurance coverage rights and the duties and obligations owed by Defendant.

37.     Plaintiff is asking the court to determine the existence or non-existence of fact, and to determine a question of construction under the Policy and to declare the rights of Plaintiff to coverage and proper adjustment of the loss under the terms of the policy. All conditions precedent to obtaining coverage for the losses suffered by the insured property, and for the filing of this action, have been fulfilled, satisfied, or waived.

38.     Plaintiff was forced to retain and is now obligated to pay the undersigned attorney reasonable attorney's fees. Pursuant to Florida Statute §627.428 and §86.081 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

39.     WHEREFORE, the Plaintiff respectfully demands judgment as follows:

a.      Declaring their right to coverage under the policy;

b.      Declaring Defendant's duty under the Policy and to perform its obligation to adjust a covered loss,

c.      To award Plaintiff's attorney's fees and costs under §627.428 and §86.081;

d.      Declaring that Plaintiff is entitled to supplemental relief to declaratory judgment rendered in their favor, including compensatory and monetary amounts, as necessary and proper; and

e.      Any other relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues that are triable as a matter of right.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 18th day of January, 2022.

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: */s/ Melissa Mazzitelli*
        **K. BRIAN ROLLER, ESQ.** (FBN 018696)
        Email: broller@roller.law
        Sec.: lescobar@roller.law; olugo@roller.law
        **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
        Email:  Mmazzitelli@roller.law
        Sec: olugo@roller.law
        **SERVICE:** HOpleadings@roller.law;

        *Counsel for Plaintiff*

4.

Case 1:22-cv-20673-KMM Document 1-1 Entered on FLSD Docket 03/07/2022 Page 21 of 46

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE

GENERAL JURISDICTION DIVISION
CASE NO.:    2022-000946-CA-01

    Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF FILING FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW,** the Plaintiff, FRANCEOUR CHERFRERE, and propounds the

following Set of Interrogatories upon the Defendant, to be answered in writing, under oath, and

in accordance with Rule 1.340 of the Florida Rules of Civil Procedure within the time specified

in said Rule.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served

upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 18th day of January, 2022.

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: /s/ *Melissa Mazzitelli*
_____
**K. BRIAN ROLLER, ESQ.** (FBN 018696)
Email: broller@roller.law
Sec.: lescobar@roller.law; olugo@roller.law
**MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
Email: Mmazzitelli@roller.law
Sec: olugo@roller.law
**SERVICE:** HOpleadings@roller.law;
*Counsel for Plaintiff*

## DEFINITIONS AND INSTRUCTIONS

1.     Insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.     Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors , owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a  partner.

3.     The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf. The terms "Insurance Company" or "Defendant also  includes  the  party's divisions,  departments,  subsidiaries,  affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purpolting to act on its behalf.

4.     The  terms  "you"  and  "your"  mean  the  party  or  parties  to  which  these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.     The "Complaint" means the Complaint filed by the Insured in this action.

6.     The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which  Plaintiff demands that she has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.     The  terms  "person"  or  "persons"  mean  any  natural  person,  individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.     The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given

proposition and an understanding and intention between the parties.

9.      The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.      The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where info1mation appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports. recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices , books, reports, ledgers , working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper a11icles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistics, records, calendars, appointment books, diaries, lists, tabulations , sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.      As used herein the singular shall include the plural, the plural shall include the singular and the masculine, feminine, and neuter shall include each of the other

genders.

13.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

14.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting , embodying, discussing, analyzing , reflecting or otherwise concerning.

15.     The term "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.     The term "to date" shall mean the date on which you answer these interrogatories.

17.     The term "including" means "including but not limited to".

18.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.     The term "Identify," when used with reference to a natural person, means state:

    a.  his full name and address (or, if the present address is not known, his last known address).

    b.  the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

    c.  his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

    d.  such other information sufficient to enable Plaintiff to identify the person.

20.     "Identify," when used with reference to any entity other than a natural person, means:

    a.  state the full name of the entity, the type of entity (e.g., corporation, partnership.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.     "Identify," when used with reference to a document or written communication, means state:

    a.  its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

    b.  the identity of each signer to the document or communication;

22.     "Identify" when used with reference to an administrative claim or charge means state:

    a.  identify the claimant or charging party;

    b.  the administrative office were filed;

    c.  the number assigned to identify the claim or charge, and

    d.  a brief summary of the nature of the claim or charge.

23.     "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

24.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

25.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced ai1d by the file from which the document was produced.

26.     If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished

27.     If the answer to all or any part of the interrogatory is not presently known or

available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but in no event less than five days prior to trial.

28.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

   a.  set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

   b.  state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

   c.  describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such info1mation, including the duration of time spent and nature of work done by each person.

29.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

30.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discove1y, you shall so state expressly and, in addition, shall provide privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

31.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

32.     To the extent precise and complete  information cannot be furnished, such

infornlation as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

## **INTERROGATORIES**

1. Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2. Please state the full name, title, current business address, and three (3) available dates to complete the deposition of Defendant's Designated Corporate Representative who can testify as to the basis of the coverage determination made for the subject claim.

3. Please provide a full and detailed explanation for each denial or partial denial responded to in Plaintiffs' Request for Admissions.

4. Please describe in detail why the Plaintiffs' claim for insurance proceeds was denied and specifically describe in detail for the policy provisions referenced in Defendant's denial latter applied to the facts of the subject loss.

5.  Provide the name(s) and business address(es) of each and every person who made the coverage decision relating to this claim.

6.  Provide the name(s) and business address(es) of each and every individual assigned to adjust this claim.

7.  Provide the name(s) and business address(es) of each and every individual, person, contractor, adjuster who inspected the insured premises on behalf of the Defendant's assigned to adjust this claim.

8.  Please state with specificity the observations relayed to Defendant following Defendant's inspection of the property which support the assertion that the damages were not covered by the subject policy.

9. Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

10. State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to not provide coverage for all or some of the insured's claim.

11. Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

12. Refer to the page and line of any and all written guidelines you used in the claims handling process that justify the investigation and claims handling such as was conducted with regards to the claims presented by the Insured.

13. Please describe all requests made by the Insurance Company upon the Insured (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

14. With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

15. Please describe the Defendant's determination of the cause and source of the subject loss, including the location of the cause/source which allowed water to enter the property.

16. Please describe with specificity the reasons for denying coverage for ensuing interior damage observed at the property due to water.

_____
AFFIANT

STATE OF FLORIDA     )
                      ) SS:
COUNTY OF _____)

The foregoing instrument was acknowledged before me, an officer duly authorized in the

State and County aforesaid, to take acknowledgements this _____ day of _____,

20__, by _____, who:

     [ ] is personally known to me;

     [ ] has produced Florida Driver's license No. _____, and who:

     [ ] did

     [ ] or did not take an oath.

_____
NOTARY PUBLIC

My Commission Expires:

5.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE                 GENERAL JURISDICTION DIVISION
                                        CASE NO.:

       Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

       Defendant.

_____/

## **REQUEST FOR ADMISSIONS**

Plaintiffs, FRANCEOUR CHEREFRERE, by and through the undersigned attorneys, and pursuant to the applicable Florida Rules of Civil Procedure, hereby requests the Defendant to admit or deny the following items:

      1)      Admit that that on the date of the loss described in the Complaint that the policy described in the Complaint was in full force and effect.

      2)      Admit that Plaintiff(s) is/are the named insured under the insurance policy described in the Complaint.

      3)      Admit that the premises described in the Complaint are the insured premises under the insurance policy described in the Complaint.

      4)      Admit that the Plaintiff(s) made a claim against the Defendant for insurance coverage to the insured Property.

      5)      Admit that Defendant has failed and/or has refused to pay the full amount of the claim as described in the Complaint.

6)       Admit that Plaintiff(s) submitted to Defendant a written estimate of repairs for the damage alleged to have occurred by reason of the alleged loss described in the Complaint.

7)       Admit that the Plaintiff(s) has/have fully cooperated with the Defendant with respect to all requests for investigation and inspection of the subject Premises.

8)       Admit that the Plaintiff has complied with all post loss obligations as set forth in the insurance policy a requested by the Defendant.

9)       Admit that prior to the date of the filing of this lawsuit; Defendant did not request of Plaintiff, in writing, that Plaintiff submit to an examination under oath for the alleged loss described in the Complaint.

10)      Admit that prior to the date of the filing of this lawsuit; Defendant did not request of Plaintiffs, in writing, that Plaintiffs send to Defendant, a signed statement in proof of loss for the alleged loss described in the Complaint.

11)      Admit that prior to the date of the filing of this lawsuit, that one or more of Defendant's agents or adjusters or employees were showed, or visited, or inspected the alleged damaged property described in the Complaint.

12)      Admit that Defendant/Defendant's Agent(s)/Representative(s) observed fire damage at the subject property.

13)      Admit that the fire that caused ensuing damage to the property.

14)      Admit that Defendant/Defendant's Agent(s)/Representative(s) did not determine the source of the fire damage observed at the subject property.

15)      Admit that Defendant did not retain a roofer licensed in the State of Florida to perform an inspection of the subject property prior to the institution of this lawsuit.

16)     Admit that Defendant did not retain a general contractor licensed in the State of Florida to perform an inspection of the subject property prior to the institution of this lawsuit.

17)     Admit that the fire damaged the subject property.

18)     Admit that the interior of the property was damaged by fire in the property.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 18th day of January, 2022.

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: */s/ Melissa Mazzitelli*
        **K. BRIAN ROLLER, ESQ.** (FBN 018696)
        Email: broller@roller.law
        Sec.: lescobar@roller.law; olugo@roller.law
        **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
        Email:  Mmazzitelli@roller.law
        Sec: olugo@roller.law
        **SERVICE:** HOpleadings@roller.law;

        *Counsel for Plaintiff*

6.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE         GENERAL JURISDICTION DIVISION
                                   CASE NO.:

       Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

       Defendant.

_____/

## REQUEST FOR PRODUCTION

COMES NOW, Plaintiff FRANCEOUR CHERFRERE, by and through the undersigned attorneys and pursuant to the applicable Florida Rules of Civil Procedure, hereby requests the Defendant to produce the following items for inspection and/or copying at the offices of the undersigned attorneys:

1.      The original and/or a true and correct certified copy of the insurance policy described in the Complaint including declarations page and all addendums, if any.

2.      All correspondence or written communications from Defendant to Plaintiff regarding the subject loss alleged in the Complaint.

3.      Any and all written estimates of repairs created by and/or on behalf of the Defendant regarding any and all damages to the subject premises allegedly occurring as a result of the subject loss.

4.      Copies of any recorded statement(s) taken by Defendant or their agents regarding the subject loss alleged in the Complaint.

5.      All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the entire policy of insurance described in the

complaint/Complaint was mailed or delivered to Plaintiff.

6. All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the Homeowners Bill of Rights was mailed or delivered to the Plaintiff.

7. All Claims Handling Manuals, training materials, or any other internal guidelines regarding policy interpretation and application of policy language to reported losses.

8. All Claims Handling Manuals, training materials, or any other guidelines regarding Defendant's procedures for inspections following a reported loss.

9. Any and all field notes and/or all other documentation of any sort relating to any investigation undertaken with regard to the Plaintiffs claim prior to Defendant's reasonably anticipated litigation.

10. Any and all photographs, videos, diagrams, or other documentation depicting the subject loss and/or relating to the Plaintiffs subject property.

11. The entire underwriting file relating to the Plaintiffs subject property.

12. Coverage Determination letters and any other correspondence related to all prior claims reported by Plaintiff(s) relating to the subject property, including claim numbers, dates of loss, cause of loss, and the ultimate coverage determination.

13. All reports prepared by Defendant or Defendant's agents/representatives who inspected the property in connection with the subject claim.

14. All reports, photographs, sketches, notes, estimates, and other documentation prepared by any roofer licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

15. All reports, photographs, sketches, notes, estimates, and other documentation

prepared by any contractor licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

16.    Any and all documentation showing any professional licenses held by Defendant's Field Adjuster assigned to the subject claim.

17.    All reports, photographs, sketches, notes, estimates, and other documentation prepared by Defendant's Field Adjuster in connection with the subject claim.

18.    Any and all documentation upon which Defendant relied to issue its coverage determination letter.

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated:  This 18th day of January, 2022.

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: */s/ Melissa Mazzitelli*

    **K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law; olugo@roller.law
    **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
    Email:  Mmazzitelli@roller.law
    Sec: olugo@roller.law
    **SERVICE:** HOpleadings@roller.law;

    *Counsel for Plaintiff*

7.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE      GENERAL JURISDICTION DIVISION
               CASE NO.:   2022-000946-CA-01

   Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

   Defendant.
_____/ **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this summons a copy of the Complaint, First Request for Production, First Request for Admissions, and First Interrogatories in this action on the registered agent of the defendant:

**Westchester Surplus Lines Insurance Company**
*By Serving Its Registered Agent:*
**CHIEF FINANCIAL OFFICER**
200 East Gaines Street
Tallahassee, FL 32399

**PLEASE NOTE:** Attached to the Complaint are First Set of Interrogatories, First Request for Production and First Request for Admissions, to be answered in compliance with the applicable Florida Rules of Civil Procedure. Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorney, to wit:

**K. BRIAN ROLLER, ESQ.**
**Email:** broller@roller.law
**MELISSA MAZZITELLI, ESQ.**
**Email:** mmazzitelli@roller.law
**THE ROLLER LAW GROUP**
801 N.E. 167 Street, Second Floor
North Miami Beach, FL 33162
Service Emails: HOpleadings@roller.law; lescobar@roller.law; olugo@roller.law
**Telephone: (954) 828-0333**

**within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.**

DATED ON_____

               Brenda Forman as Clerk of said Court

   (Court Seal)             By:   _____
                          as Deputy Clerk

8.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

FRANCEOUR CHERFRERE        GENERAL JURISDICTION DIVISION
       CASE NO.:    2022-000946-CA-01

     Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

     Defendant.

_____ / **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

       **YOU ARE HEREBY COMMANDED** to serve this summons a copy of the Complaint, First Request for Production, First Request for Admissions, and First Interrogatories in this action on the registered agent of the defendant:

**Westchester Surplus Lines Insurance Company**
*By Serving Its Registered Agent:*
**CHIEF FINANCIAL OFFICER**
200 East Gaines Street
Tallahassee, FL 32399

**PLEASE NOTE:** Attached to the Complaint are First Set of Interrogatories, First Request for Production and First Request for Admissions, to be answered in compliance with the applicable Florida Rules of Civil Procedure. Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorney, to wit:

**K. BRIAN ROLLER, ESQ.**
**Email:** broller@roller.law
**MELISSA MAZZITELLI, ESQ.**
**Email:** mmazzitelli@roller.law
**THE ROLLER LAW GROUP**
801 N.E. 167 Street, Second Floor
North Miami Beach, FL 33162
Service Emails: HOpleadings@roller.law; lescobar@roller.law; olugo@roller.law
**Telephone: (954) 828-0333**

**within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.**

DATED ON_____2/11/2022_____         Harvey Ruvin,
                                       Clerk of Courts
                   Brenda Forman as Clerk of said Court

                                            217043

      (Court Seal)                         By: _____
                                         as Deputy Clerk

9.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2022-000946-CA-01

FRANCEOUR CHERFRERE,

     Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

     Defendant.

_____/

### **NOTICE OF APPEARANCE AND**
### **NOTICE OF DESIGNATION OF EMAIL ADDRESSES**

     **PLEASE TAKE NOTICE** that John David Dickenson, Esq. and Chad A. Pasternack, Esq. of the law firm of Cozen O'Connor hereby give notice of their appearance as counsel on behalf of Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, in the above styled matter.  All parties are requested to serve copies of all filings, pleadings, and correspondence to the undersigned counsel, who submit the following email addresses in accordance with Florida Rule of Judicial Administration 2.515(a):

| **Primary:** | John David Dickenson, Esq. | **Primary:** | Chad A. Pasternack, Esq. |
|---|---|---|---|
| | jdickenson@cozen.com | | cpasternack@cozen.com |
| **Secondary:** | kdaugharty@cozen.com | **Secondary:** | kdaugharty@cozen.com |
| | lmurphy@cozen.com | | lmurphy@cozen.com |

Respectfully submitted,

**COZEN O'CONNOR**


By:  /s/  John David Dickenson
     John David Dickenson
     Florida Bar No. 575801
     jdickenson@cozen.com
     Chad A. Pasternack
     Florida Bar No. 117885
     cpasternack@cozen.com
     One North Clematis Street, Suite 510
     West Palm Beach, Florida  33401
     Telephone:  (561) 515-5250
     Facsimile:   (561) 515-5230

     *Counsel for Defendant, Westchester Surplus*
     *Lines Insurance Company*


## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's e-Filing Portal this 24h day of February, 2022 on All Counsel listed on the following Service List.

     /s/  John David Dickenson
     John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
K. Brian Roller, Esq.
Melissa Mazzitelli, Esq.
THE ROLLER LAW GROUP
801 NE 167th St., Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
Email: broller@roller.law
     mmazzitelli@roller.law
     lescobar@roller.law
     olugo@rollerlaw.law
     HOpleadings@roller.law