IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION

FRANCEOUR CHERFRERE

CASE NO.:  1:22-CV-20673-KMM

    Plaintiff,
v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff FRANCEOUR CHERFRERE (the "Insured"), pursuant to this Court's Order [D.E. 7] hereby files this Amended Complaint and sues Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

1.    That this is an action for money damages within the jurisdiction of this Court as the amount in controversy is in excess of $30,000.00, exclusive of interest, costs and attorney's fees.

2.    That at all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida.

3.    That the real property insured by the disputed agreement is located in Miami-Dade County, Florida.

4.    That the duties and/or obligations to be performed under the disputed agreement were to be performed in Miami-Dade County, Florida.

5. That at all times material hereto, Defendant was and still is a Georgia corporation, actively doing business in Miami-Dade County, Florida and is *sui juris*.

6. Jurisdiction and Venue are proper in Miami-Dade County, Florida.

7. All conditions precedent have been satisfied or waived.

### GENERAL ALLEGATIONS

8. Plaintiff purchased from Defendant and maintained in full force and effect; a policy of insurance bearing number *******8654 (hereinafter the "Policy"). A true and correct copy of the Policy is appended hereto as **Exhibit A**.

9. Such Policy was issued by the Defendant to Plaintiff and provided coverage for the Plaintiff's property located at 1510 NE 136th Street, North Miami, Florida 33161 (hereinafter the "Property").

10. Pursuant to the Policy provisions, Defendant agreed to provide insurance coverage for the insured property against losses.

11. On or about June 24, 2021, while the Policy was in full force and effect, the Property sustained a covered loss as a result of fire, damaging kitchen cabinets, floor, roof in the shower and bedroom (hereinafter the "Loss").

12. Plaintiff notified Defendant of the loss. Defendant acknowledged the loss and assigned to it claim number **KY21K2541913.**

13. Plaintiff requested benefits under the subject policy of insurance as a result of the damages sustained to the property.

14. The damages to the subject property are covered by the insurance policy issued by Defendant.

15. Now that Plaintiff has the necessity to use insurance benefits, Defendant refuses to indemnify Plaintiff for the damages covered under the policy.

16. Plaintiff has been paying premiums in a timely manner and has complied with all conditions precedent.

17. Defendant has refused to indemnify Plaintiff for the covered damages and costs of repair expenses.

18. Defendant has wholly denied coverage for the loss, despite the loss being covered under the subject policy, and has refused to issue any payments to Plaintiff, in breach of the subject policy of insurance.

19. As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees.

20. Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

## COUNT I
## DECLARATORY ACTION

21. Plaintiff adopts and alleges each allegation contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff believes that the losses are covered under the policy and that Defendant's failure to provide coverage was in breach of the Policy.

23. Plaintiff seeks this court's determination of the existence or non-existence of Plaintiff's rights in light of the enactment of Florida Statute § 627.70152.

24. Florida Senate Bill 76 (2021) ("S.B. 76") was signed into law on June 11, 2021 and went into effect on July 1, 2021. S.B. 76 created Florida Statute § 627.70152, which in relevant

part states as follows:

> (3) NOTICE.-
>
> (a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:
>
>> 1. That the notice is provided pursuant to this section.
>>
>> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
>>
>> 3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
>>
>> 4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
>>
>> 5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
>>
>>> a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
>>>
>>> b. The disputed amount.
>>
>> Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.
>
> (b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

Fla. Stat. § 627.70152 (2021).

25. It is ambiguous whether Florida Statute § 627.70152 applies retroactively to some or all of the following:

a) Policies in effect prior to July 1, 2021;

b) Claims initiated prior to July 1, 2021;

    c) Claims with Dates of Loss prior to July 1, 2021.

26. It is unclear whether Florida Statute § 627.70152 applies to the present matter, which was originally filed after July 1, 2021, where the Policy and Loss predated July 1, 2021.

27. Florida Statute § 627.70152 is silent as to whether its provisions must be affirmatively invoked by a defendant insurer or whether a court may apply its requirements *sua sponte*.

28. Because Florida Statute § 627.70152 includes provisions relating to entitlement to attorney's fees as well as pre-suit requirements, its applicability (or lack thereof) constitutes an actual, bona-fide controversy between the parties that requires judicial interpretation as to whether Plaintiff have met their pre-suit obligations and their potential entitlement to fees.

29. This controversy is separate and apart from the issues contained in the breach of contract action.

30. Because of Defendant's apparent refusal to extend coverage for all losses, it has become necessary for Plaintiff to retain the services of the undersigned attorney.

WHEREFORE, Plaintiff respectfully requests that this Court issue a declaratory judgment finding that Florida Statute § 627.70152 does not apply in this matter, as it does not apply retroactively to policies, claims and losses pre-dating the effective date of the Statute, and granting any other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 20 as if fully set forth herein.

32. The Defendant's refusal to acknowledge coverage and to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law and was a breach of said contract of insurance.

33. Defendant's denial of coverage for damages sustained as a result of a covered loss i.e., fire, was and is a breach of the insurance policy.

34. As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

35. As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees. Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

WHEREFORE, the Insured(s) respectfully requests that this Court enter judgment against the Insurance Company for compensatory damages, additional living expenses, plus interest, court costs and reasonable attorney's fees pursuant to Section §627.428, Florida Statutes.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

A) declaratory judgment that Florida Statute § 627.70152 does not apply in this matter, as it does not apply retroactively to policies, claims and losses pre-dating the effective date of the Statute;

B) damages, including but not limited to, damage to the Property, contents, loss of use, costs, additional living expenses/loss of rent; and

C) costs, interest as allowed by law, reasonable attorney's fees pursuant to §627.428, and any other relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues that are triable as a matter of right.

Dated: This 2nd day of April, 2022

    *Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: /s/ *Melissa Mazzitelli*
    **K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law; olugo@roller.law
    **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
    Email: Mmazzitelli@roller.law
    Sec: olugo@roller.law
    **SERVICE:** HOpleadings@roller.law;
    *Counsel for Plaintiff*

### **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant through ECF as follows: Cozen O'Connor, One North Clematis Street, Suite 510, West Palm Beach, FL 33401; Tel: (561) 515-5250; jdickenson@cozen.com, cpasternack@cozen.com, aschultz@cozen.com, EHolober@cozen.com, kdaugharty@cozen.com, lmurphy@cozen.com.

Dated: This 2nd day of April, 2022

    By: /s/ *Melissa Mazzitelli*
    **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)