UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20673-KMM

FRANCEOUR CHERFRERE,

Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

Defendant.
_______________________________________/

**MOTION TO DISMISS COUNT I OF AMENDED COMPLAINT**

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), moves to dismiss the Amended Complaint [ECF No. 9] filed by Plaintiff, Franceour Cherfrere, and states as follows:

**INTRODUCTION**

The Court permitted the Plaintiff to file an Amended Complaint after Westchester moved to dismiss the initial Complaint based on pleading deficiencies. In addition to addressing his pleading deficiencies, the Plaintiff asserted in the Amended Complaint a new count for declaratory judgment, seeking an advisory opinion regarding a new Florida Statute, Section 627.70152, which sets certain procedures for filing property insurance lawsuits. The Plaintiff, however, does not plausibly allege an actual case or controversy between the parties pertaining to Section 627.70152. Therefore, the Court lacks subject-matter jurisdiction over Count I. Even if the Court had jurisdiction over Count I, the Court should exercise its discretion to dismiss Count I because it is a collateral issue subsumed within Plaintiff's cause of action for breach of contract, and this issue

would only ever arise if Westchester raises it as a defense to this lawsuit. Accordingly, Westchester respectfully requests the Court dismiss Count I of the Amended Complaint.

## PROCEDURAL BACKGROUND[1]

1. The Plaintiff commenced this action with a Complaint [ECF No. 1-1, at 12] that appeared to allege a breach of a property insurance contract.

2. Westchester filed a Motion to Dismiss [ECF No. 6], arguing that: (1) the allegedly damaged property described in the Complaint is not insured under the insurance policy identified in the Complaint, (2) the allegations were vague and inconsistent, alleging in some parts that the subject insurance claim involved a fire loss, and in other parts that the loss was a plumbing leak; and (3) the count for declaratory relief was redundant of the count for breach of contract and did not otherwise identify any provision in the policy that required judicial interpretation.

3. Westchester did not move to dismiss the Complaint for any failure to satisfy the notice requirements of Fla. Stat. § 627.70152.

4. Nor did Westchester move to strike the Plaintiff's demand for attorney's fees under Fla. Stat. § 627.428.

5. Shortly after Westchester filed its Motion to Dismiss, the Court entered an Order permitting the Plaintiff to file an amended complaint. [ECF No. 7].

6. The Court did not *sua sponte* dismiss the Complaint for failure to comply with Fla. Stat. § 627.70152.

[1] Nothing in this Motion to Dismiss shall be construed as an admission or denial of any of the allegations in the Amended Complaint. All facts and allegations described in this Motion to Dismiss are provided solely to add context.

7. On April 2, 2022, the Plaintiff filed an Amended Complaint [ECF No. 9], and asserted for the first time a count for declaratory judgment as to the applicability of Fla. Stat. § 627.70152.

8. The Plaintiff does not allege that he has not complied with the notice requirements of Section 627.70152 or that Westchester has sought dismissal on that basis. Yet, Plaintiff seeks a declaration as to whether Section 627.70152 "must be affirmatively invoked by a defendant insurer or whether a court may apply its requirements *sua sponte*." Am. Compl. ¶ 27.

9. Similarly, the Plaintiff does not allege that Westchester has taken the position that some failure by the Plaintiff to comply with pre-suit notice requirements impacts his claim for attorney's fees. However, Plaintiff alleges, without explanation, that "[b]ecause Florida Statute § 627.70152 includes provisions relating to entitlement to attorney's fees as well as pre-suit requirements, its applicability (or lack thereof) constitutes an actual, bona-fire controversy …." Am. Compl. ¶ 28.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Legal Standard

To adequately plead a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that contains "threadbare recitals of a cause of action's elements, supported by mere conclusory elements," fails to state a claim upon which relief can be granted. *Id.* Rule 8 requires "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation" that only offers "naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks omitted).

## II. Plaintiff seeks an impermissible advisory opinion in Count I.

Count I of the Amended Complaint, for declaratory relief, should be dismissed as seeking an impermissible advisory opinion. "The Constitution confines the jurisdiction of the federal courts to actual 'Cases' or 'Controversies.'" *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 915 (11th Cir. 2009) (quoting U.S. Const. art. III, § 2m cl. 1). "The declaratory judgment procedure is available in federal courts only in cases involving an actual case or controversy, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (internal citations omitted); *see also Calderon v. Ashmus*, 523 U.S. 740, 741 (1998) (explaining that the respondent sought "a declaratory judgment as to the validity of a defense the State may, or may not, raise," which was an "attempt[] to gain a litigation advantage by obtaining an advance ruling on an affirmative defense."). "A claim is not ripe when it is based on speculative possibilities." *In re Jacks*, 642 F.3d 1323, 1332 (11th Cir. 2011).

For a declaratory judgment action to satisfy the Article III case-or-controversy requirement, the dispute between the parties must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Greentech, Inc.*, 549 U.S. 119, 127 (2007) (quotation marks omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

The Plaintiff seeks an advisory opinion on defenses that Westchester has not raised. Plaintiff does not allege that Westchester challenged this lawsuit as premature under Section 627.70152, and it is evident from the record that Westchester did not move to dismiss on that basis, or move to strike Plaintiff's demand for attorney's fees. Likewise, the Plaintiff seeks an advisory opinion as to whether the Court can *sua sponte* dismiss a complaint under Section 627.70152 even though the Court has given no indication that intends to do so. The purpose of Count I appears to be "to gain a litigation advantage" in other lawsuits "by obtaining an advance ruling on an affirmative defense." *See Calderon*, 523 U.S. at 741.

The Amended Complaint does not plausibly allege an actual controversy between the parties with respect to Section 627.70152. Plaintiff's conclusory allegation that there is "an actual, bona-fide controversy between the parties," Am. Compl. ¶ 28, is insufficient under Rule 8 to establish an actual case or controversy. The Plaintiff may not use this declaratory judgment action as a "medium for securing an advisory opinion in a controversy which has not arisen." *See Coffman*, 323 U.S. at 324. Accordingly, because the Plaintiff seeks an advisory opinion, the Court lacks subject-matter jurisdiction over Count I.

## III. <u>The Court should dismiss Plaintiff's claim for declaratory relief because it pertains to a collateral issue that is subsumed within Plaintiff's claim for breach of contract.</u>

The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Act "vest[s] district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at 289; 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim). The Declaratory Judgment Act "only gives federal courts competence to make a declaration of rights;

it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "It is wholly within the Court's discretion whether to entertain a case under the Declaratory Judgment Act … even if the action properly falls within the Court's jurisdiction." *Aspen Am. Ins. Co.*, No. 1:18-cv-23847, 2019 WL 13063503, at *8 (S.D. Fla. Jan. 23, 2019).

Where a "claim for declaratory judgment is subsumed within [the plaintiff's] claim for breach of contract, the declaratory action must be dismissed." *Fernando Grinberg Tr. Success Int. Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-civ, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010). In such a scenario, the declaratory judgment not "serve a useful purpose." *S.G. Assocs. of Miami, Inc. v. Western World Ins. Co.*, No. 21-22753-civ, 2021 WL 4502304, at *1 (S.D. Fla. Sept. 30, 2021).

Although Plaintiff contends that his count for declaratory relief is "separate and apart from the issues contained in the breach of contract action," his claim for declaratory relief is premised on his "belie[f] that [his] losses are covered under the policy and that Defendant's failure to provide coverage was in breach of the Policy." Am. Compl. ¶¶ 22, 29. Plaintiff further contends, in Count I for declaratory relief, that "[b]ecause of Defendant's apparent refusal to extend coverage for all losses, it has become necessary for Plaintiff to retain the services of the undersigned attorney." Am. Compl. ¶ 30. Therefore, even if the Court has subject-matter jurisdiction over Count I, the Court should decline to entertain this declaratory judgment action because the issue is wholly subsumed within the Plaintiff's claim for breach of contract, and these issues would only ever arise if Westchester asserts them as defenses—something Westchester has not done.

WHEREFORE, Defendant, Westchester Surplus Lines Insurance Company, respectfully requests the Court dismiss Count I of the Amended Complaint filed by Plaintiff, Franceour Cherfrere.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/ John David Dickenson

John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Chad A. Pasternack
Florida Bar No. 117885
cpasternack@cozen.com
One North Clematis Street, Suite 510
West Palm Beach, Florida 33401
Telephone: (561) 515-5250
Facsimile: (561) 515-5230

*Counsel for Defendant, Westchester Surplus Lines Insurance Company*