UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20673-KMM

FRANCEOUR CHERFRERE,

    Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), moves to compel Plaintiff, Franceour Cherfrere, to serve better responses to Westchester's First Request for Production and First Set of Interrogatories, and states as follows:

## INTRODUCTION

This lawsuit arises from a property insurance claim filed by the Plaintiff. In answers to interrogatories, the Plaintiff identified repairs made by an unnamed handyman and an unnamed electrician. The Plaintiff has not produced any supporting documents. By failing to serve adequate discovery responses, the Plaintiff has prevented Westchester from obtaining relevant discovery from non-parties. Additionally, the few documents that the Plaintiff produced appear to be his attorneys' pre-litigation file. There is no indication that Plaintiff has actually reviewed Westchester's Request for Production and searched for responsive documents. Accordingly, Westchester requests the Court compel the Plaintiff to serve better discovery responses.

Westchester also notes that the discovery deadline is August 26, 2020, and therefore requests an extension of time to conduct non-party discovery.

LEGAL\59071468\1

## BACKGROUND

1. Westchester served its First Request for Production and First Set of Interrogatories on the Plaintiff on May 4, 2022.

2. On June 14, 2022, after the Plaintiff failed to serve responses or to request an extension, counsel for Westchester sent a conferral email. The parties agreed that the Plaintiff would serve responses by June 24, 2022. On June 23, 2022, the Plaintiff requested another extension through July 1, 2022, to which Westchester agreed. Conferral Emails, attached as Exhibit 1.

3. On July 11, 2022, after the Plaintiff had still not provided any discovery responses, counsel for Westchester sent an additional conferral email. Conferral Emails, Ex. 1.

4. Plaintiff eventually served Responses to Defendant's First Set of Interrogatories, attached as Exhibit 2, and Responses to Defendant's First Set of Interrogatories, attached as Exhibit 3.

5. On July 18, 2022, counsel for Westchester sent counsel for the Plaintiff a conferral email, a copy of which is attached as Exhibit 4. The conferral email stated, in part:

> I reviewed the Plaintiff's discovery responses and believe they are incomplete. Plaintiff's answer to Interrogatory No. 12 states that the Plaintiff spent $40,000 on repairs, including $19,000 to "JJ, the handyman." However, the Plaintiff did not produce any invoices, receipts, or any documents reflecting proof of payment. The Plaintiff also did not give any specific contact information for "JJ," so we cannot serve a subpoena on him. It is not clear what repairs have been made and what repairs have yet to be made.
>
> I also note that the document production appears to be your office's file. The only emails produced are emails that your office was copied on, and the document production is limited to documents that the Plaintiff is relying on to support his insurance claim. To that end, please let us know if your client has actually reviewed this request for production and searched for responsive documents. It is hard to imagine that the Plaintiff has not sent or received a single email relating to the insurance claim, to or from a tenant about the fire and damage, or to any repair company.

6. Counsel for parties held a conferral call on August 3, 2022. Counsel for the Plaintiff was unable to give any specific assurances or time line with respect to whether the Plaintiff would supplement his discovery responses.

7. The discovery deadline is August 26, 2022 [ECF No. 13].

## ARGUMENT AND MEMORANDUM OF LAW

### I. Legal Standard

The scope and means of discovery are governed by Federal Rule of Civil Procedure 26(b), which states that [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The admissibility of evidence is irrelevant in the discovery process so long as the information sought appears reasonably calculated to lead to discovery of admissible evidence." *Nat'l Auto Lenders, Inc. v. Syslocate, Inc.*, No. 09-21765-civ-Cooke/Bandstra, 2012 WL 12842789, at *2 (S.D. Fla. May 21, 2012) (ordering the plaintiff to produce items in its possession, custody, or control). "Failure to timely object to discovery requests waives a party's objections to the requests unless good cause has been shown." *Alfonso v. Se. Fla. Transp. Grp., LLC*, No. 14-81309-civ, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016) (citing Fed. R. Civ. P. 33(b)(4), 34(b)(2)).

Under Rule 37, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### II. Plaintiff is required to actually search for and provide responsive discovery.

The Plaintiff is required to search for and produce all responsive documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, "[a]n interrogatory may

3

relate to ay matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Each interrogatory must be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Westchester's interrogatories and the Plaintiff's answers are as follows:

Interrogatory No. 2:

List the names and addresses of all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge Relating To any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

RESPONSE:

\* \* \*

"JJ" (full name unknown)
Current address unknown
Plaintiff will provide a phone number if he is able to locate it JJ is the handyman who assisted with repairing the property

\* \* \*

Interrogatory No. 12:

Have You repaired any of the damage caused by the loss described in Paragraph 11 of the Amended Complaint? If yes, please describe all repairs that were made, the date(s) the repairs were made, the amount incurred in making the repairs, and identify who the repairs were made by.

RESPONSE:

Partial repairs have been completed, with over $40,000 spent on repairs in total. Plaintiff paid $19,000 to JJ, the handyman. Additionally, an electrician performed repairs related to the subject loss. Plaintiff will provide supporting documentation that he is able to locate at a time and place that is mutually agreeable to the Parties.

Westchester's requests for production and the Plaintiff's responses are as follows:

Request No. 2:

True and correct copies of any and all Documents Relating To Plaintiff's claim submission to Defendant, including Documents Relating To the damages alleged

4

to have occurred at the Property. This request includes, without limitation, all Communications and correspondence between any parties or representatives, including letters, emails, handwritten notes or any other documentation regarding the damages at the subject property and efforts to have the alleged damages repaired and/or replaced.

RESPONSE:

See Bates 0001 to 0259

Request No. 3:

True and correct copies of all Documents Relating To the Claim, including all estimates, sworn proof(s) of loss, invoices and/or reports Relating To the Claim.

RESPONSE:

See Bates 0001 to 0259

* * *

Request No. 5:

All Communications, correspondence, notes, emails, reports, estimates, proposals, appraisals, contracts, agreements, invoices, receipts, and any other Documents Related To any alleged damage to the Property that forms the basis for this action.

RESPONSE:

See Bates 0001 to 0259

* * *

Request No. 11:

All Documents Relating to all work and/or repairs that You performed at the Property Relating To the loss described in the Amended Complaint for which damages are being claimed in this action.

RESPONSE:

See Bates 0131 to 0189. Plaintiff will provide additional non-privileged, responsive documentation that he is able to locate at a time and location that is mutually convenient to the Parties.

"JJ, the handyman" and the unnamed electrician (Interrog. Nos. 2, 12) are witnesses with relevant knowledge—they performed repairs to Plaintiff's damaged property. However, without their contact information, Westchester is unable to serve subpoenas on them.

With respect to the Plaintiff's document production, the bates numbers and substance of the documents demonstrates that the only documents produced were documents in possession of Plaintiff's attorney during the claim adjustment process. The only email produced was one sent to the Plaintiff's attorney. The documents were all directly related to the Plaintiff's claim submission. The document production raises concerns that the Plaintiff has not actually reviewed Westchester' First Request for Production and searched for documents.

In response to Westchester's Request for Production No. 11, the Plaintiff alluded to documents relating to the work performed by "JJ, the handyman" and the unnamed electrician, but has not produced any such documents. It is also not clear what privileged documents the Plaintiff might be referring to because the Plaintiff has not produced a privilege log.

Accordingly, Westchester requests the Court compel Plaintiff to provide the address and phone number for each non-party identified in his answers to interrogatories, and to diligently search for and produce all documents responsive to Westchester's First Request for Production.

### III.   Extension of time to serve subpoenas

When an act may or must be done within a specified time, the court may, for good cause, extend the time upon motion by a party. Fed. R. Civ. P. 6(b). The court may also modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (holding that good cause exists where the schedule cannot be met despite the diligence of the moving party).

The Paperless Order Scheduling Trial set August 26, 2022 as the deadline for completion of discovery. If the Plaintiff had timely served adequate discovery responses, Westchester would have had ample time to serve subpoenas and conduct non-party depositions. As a result of Plaintiff's failure to serve adequate discovery responses, Westchester has been prevented from seeking discovery from non-parties with relevant information. Accordingly, Westchester requests the court extend the time for Westchester to conduct non-party discovery to 45 days from the time Plaintiff serves better discovery responses.

### IV. Attorney's Fees

If a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

The Plaintiff has failed to diligently search for information and documents responsive to Westchester's discovery requests. Westchester repeatedly accommodated the Plaintiff's requests for additional time and conferred in good faith. The Plaintiff is not substantially justified in his failure to provide responsive discovery. Accordingly, Westchester requests the Court award it reasonable attorney's fees and costs incurred in bringing this motion.

WHEREFORE, Defendant, Westchester Surplus Lines Insurance Company, respectfully requests the Court enter an Order compelling Plaintiff, Franceour Cherfrere, to serve better answers to interrogatories, to diligently search for and produce responsive documents, extending the time for Westchester to conduct non-party discovery, and awarding Westchester reasonable attorney's fees incurred in bringing this motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. Local Rule 7.1, and this Court's discovery procedures, Westchester conferred by email and a telephone call in a good faith effort to obtain the discovery sought in this motion, but was unable to obtain the requested discovery.

Respectfully submitted,

**COZEN O'CONNOR**

By:   /s/ John David Dickenson
       John David Dickenson
       Florida Bar No. 575801
       jdickenson@cozen.com
       Chad A. Pasternack
       Florida Bar No. 117885
       cpasternack@cozen.com
       One North Clematis Street, Suite 510
       West Palm Beach, Florida 33401
       Telephone: (561) 515-5250
       Facsimile: (561) 515-5230

*Counsel for Defendant, Westchester Surplus Lines Insurance Company*