IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FRANCOEUR CHERFRERE

                                                          CASE NO.:  1:22-CV-20673-KMM

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES

INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE**

**DEFENDANT'S MOTION TO COMPEL**

COMES NOW, Plaintiff Francoeur Cherfrere, by and through undersigned counsel and responds to Defendant's Motion to Compel as follows:

## INTRODUCTION

Plaintiff Francoeur Cherfrere disagrees with the Defendant's assessment of his responses to discovery. Rather, Defendant's claimed deficiencies are merely projections of Defendant's belief that Mr. Cherfrere is a sophisticated business person who not only leverages every tax advantage available, but also uses written means to communicate. Plainly stated, Defendant is seeking documentation and information that either does not exist or is not in the Plaintiff's care, custody, or control.

## FACTS

Defense counsel served its initial discovery requests on May 4, 2022. In the interim, the undersigned requested an extension and Defense counsel agreed to allow additional time to respond. On July 12, 2022, Plaintiff served his responses to interrogatories and production. On July 19, 2022 Defendant notified Plaintiff's counsel of perceived deficiencies, noting that he believed the documents were merely those produced from the public adjuster's file. The undersigned responded to inform Defense counsel that the Plaintiff had not yet located contact information for the handyman known as JJ on July 19, 2022. *See* Email "RE: Cherfrere v Westchester; Plaintiff's Discovery Responses" dated July 19, 2022, appended hereto as Exhibit A. Counsel for the Parties conferred via telephone on August 3, 2022 and on August 19, 2022. Both times, Plaintiff's counsel explained that the Plaintiff did not have the documents that the Defendant believed were missing and that the Plaintiff did not have receipts in his possession. Defendant took Plaintiff's deposition on August 18, 2022. Defendant specifically requested deposition dates for August in an email dated July 11, 2022. *See* Email "Cherfrere v Westchester Surplus Lines Insurance Company; Discovery" dated August 19, 2022, appended hereto as Exhibit B. Plaintiff provided Defendant with the phone number for "JJ" the handyman along with the name and contact

information for Fabolon St. Louis, who was acting as the Plaintiff's general contractor on August 18, 2022, prior to the deposition. *See* Email "Cherfrere GC" dated August 18, 2022, appended hereto as Exhibit C.

At his deposition, the Plaintiff, Francoeur Cherfrere, testified that he communicates mainly by telephone and does not have a computer at home. He further testified that he paid the expenses of the repairs to his property in cash and no longer had the receipts. Mr. Cherfrere confirmed that he did not know the real names of "JJ" or Fabolon St. Louis, whom he knew as the "Pastor." Although Mr. Cherfrere speculated that Mr. St. Louis or JJ would probably give him their addresses if he asked, to date, the undersigned law office has been unable to obtain addresses for either Mr. St. Louis or JJ.

Defendant filed the instant Motion on August 10, 2022.

## APPLICABLE LAW

Federal Rule of Civil Procedure 37(a)(4) provides remedies for "Evasive or Incomplete Disclosure, Answer, or Response":

> For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Rule 37(a)(1) states that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

While Rule 37(a)(5) allows for sanctions, such as the payment of reasonable expenses incurred in making the motion, the "court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

## ARGUMENT

### DEFENDANT IS NOT ENTITLED TO RELIEF UNDER RULE 37(A)

The reason for Plaintiff's failure to provide the documents and information requested by the Defendant is clear: the Plaintiff does not have it. While Plaintiff explained his position more than once, including while under oath, Defendant still saw fit to move forward with this Motion and hearing.

In this case, there is no cause for Defendant's motion. Defendant already took the Plaintiff's deposition, wherein the Plaintiff confirmed that he does not use email, paid cash, and does not have receipts.

Given the repeated statements that the Plaintiff does not have the documents or information that Defendant is seeking, the second heading in Defendant's Motion—"Plaintiff is required to actually search for and provide responsive discovery"—is telling. Defendant's grounds for its motion was merely speculation and its own beliefs of what the Plaintiff should have, entirely ignoring the Plaintiff's statements of what he actually does have and how he carries on with his life.

## CONCLUSION

The Plaintiff should not be compelled to provide documents and information that he does not have, particularly where Defendant was on notice of the same.

WHEREFORE, Plaintiff prays that this Court will deny Defendant's Motion and grant any other and further relief as it deems just and proper.

Dated: August 23, 2022

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: /s/ *Melissa Mazzitelli*
  **K. BRIAN ROLLER, ESQ.** (FBN 018696)
  Email: broller@roller.law
  Sec.: lescobar@roller.law; olugo@roller.law
  **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
  Email: Mmazzitelli@roller.law
  Sec: olugo@roller.law
  **SERVICE:** HOpleadings@roller.law;
  *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant through ECF as follows: Cozen O'Connor, One North Clematis Street, Suite 510, West Palm Beach, FL 33401; Tel: (561) 515-5250; jdickenson@cozen.com, cpasternack@cozen.com, aschultz@cozen.com, EHolober@cozen.com, kdaugharty@cozen.com, lmurphy@cozen.com.

Dated: This 23rd day of August, 2022

By: /s/ *Melissa Mazzitelli*
**MELISSA MAZZITELLI, ESQ.** (FBN 1019252)