UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20673-KMM

FRANCEOUR CHERFRERE,

    Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), files this Reply in Support of its Motion to Compel [ECF No. 16], and states as follows:

Westchester's Motion to Compel should be deemed unopposed because the Plaintiff filed his Response [ECF No. 21] near the close of business on August 23, 2022, despite the Court ordering him "to respond and explain his position by no later than August 22, 2022." Order [ECF No. 20].

Substantively, the Plaintiff testified on August 18, 2022 that he was unaware that Westchester requested documents in this lawsuit. He also appeared not to recognize his own answers to interrogatories, with the exception of the jurat page, which he recalled. With respect to "JJ the handyman" and Fabulon "the Pastor" St. Louis, the Plaintiff has still not provided their addresses, and thus Westchester has been unable to serve subpoenas. The Plaintiff testified that if he asked JJ for his address, JJ would probably give it to him. It is also not clear who Mr. St. Louis is because the Plaintiff did not recognize that name (counsel had to advise that he is someone named "the Pastor"), and he is not identified in the Plaintiff's sworn answers to interrogatories.

The Plaintiff's counsel first disclosed Mr. St. Louis several minutes before the start of the Plaintiff's deposition. Thus, the Plaintiff's discovery responses are admittedly incomplete.

The most significant issues with the potential non-disclosure of information are that the Plaintiff has identified JJ and Mr. St. Louis as witnesses at trial and that the Plaintiff is basing his damages on a public adjuster estimate despite having actually done the repairs. The Plaintiff would have to be precluded from calling any witness whom Westchester did not have the opportunity to subpoena. Fed. R. Civ. P. 37(c). Further, there has potentially been spoliation of documentary evidence because the Plaintiff contends he threw out all the receipts for the repairs at issue in this lawsuit. *Id.* But, before the parties and the Court have to address those issues, it would be appropriate to compel the Plaintiff to provide better discovery responses.

Accordingly, Westchester respectfully requests the Court grant its Motion to Compel.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/ John David Dickenson
John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Chad A. Pasternack
Florida Bar No. 117885
cpasternack@cozen.com
One North Clematis Street, Suite 510
West Palm Beach, Florida  33401
Telephone:  (561) 515-5250
Facsimile:   (561) 515-5230

*Counsel for Defendant, Westchester Surplus Lines Insurance Company*