IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FRANCOEUR CHERFRERE

CASE NO.: 1:22-CV-20673-KMM

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.
_____/

**PLAINTIFF'S MOTION FOR AN ORDER
PRECLUDING DEFENDANT FROM
USING THE DOCUMENTS OR INFORMATION CONTAINED IN THE
UNDERWRITING FILE IN ANY MOTION, HEARING, OR AT TRIAL**

COMES NOW, Plaintiff Francoeur Cherfrere, by and through undersigned counsel and files this Motion to Preclude the Defendant from Using the Documents or Information Contained in the Underwriting File in Any Motion, Hearing, or at Trial as follows:

**INTRODUCTION**

Discovery is set to close in this matter on August 26, 2022. Defendant served supplementary documentation, in the form of its underwriting file, on August 23, 2022. Plaintiff seeks an Order barring Defendant from using information from the underwriting file on any motions, in any hearings, or at trial, or in the alternative, Plaintiff seeks to conduct further discovery based on the newly-disclosed underwriting file, including a deposition of the Defendant's corporate representation in connection with the underwriting file.

## FACTS

The present matter is a breach of contract claim arising out of a coverage dispute for a property insurance policy. The Parties do not dispute that on June 24, 2021, a fire caused damage to the Plaintiff's property. Further, there is no dispute that the fire was accidental in nature and caused by an electrical fault. The Parties further agree that the subject policy included a "protective safeguards" endorsement and that the Property had no smoke detectors at the time of the loss. The true dispute in this matter is what effect that endorsement and the lack of smoke detectors has on Defendant's duty to provide coverage under the subject policy. The Defendant has not tendered Plaintiff's premiums and has not otherwise claimed recission of the Policy.

On June 17, 2022, Plaintiff served his written discovery requests upon the Defendant. *See* Email "NOTICE OF SERVING COURT DOCUMENTS: Case 1:22-cv-20674-KMM Cherfrere v. Westchester Surplus Lines Insurance Company" dated June 17, 2022, appended hereto as Exhibit A. The Request 11 was "the entire underwriting file related to the Plaintiffs [sic] subject property." Defendant's response to Request 11 was "Westchester objects to Request No. 11 as not relevant to any claim or defense in this action. There are no underwriting issues being litigated." *See* Defendant's Response to Request for Production, appended hereto as Exhibit B. The Parties had informal discussions as to the relevance of the underwriting file and Defendant continued to maintain that underwriting was not relevant.

Plaintiff deposed Defendant's corporate representative on August 22, 2022. Defendant lodged its objections to the scope of the deposition and documents requested in the notice of deposition duces tecum on August 22, 2022 at 10:27 a.m. for a deposition set to begin at 2:00 p.m. *See* Email "RE: SERVICE OF FEDERAL COURT DOCUMENT (Notice of Taking Deposition of Corporate Rep/Field Adjuster) Cherfrere v. Westchester (22-cv-20673)" dated August 22, 2022,

appended hereto as Exhibit C.  The objection to the deposition duces tecum also raised the Defendant's claim that the underwriting file was irrelevant. *See* Defendant's Objections to Notice of Taking Deposition Duces Tecum, appended hereto as Exhibit D.  In its response to Plaintiff's request for further deposition prior to filing this Motion, Defendant's position appeared to change again to claim that it determined that the underwriting file was relevant following the Plaintiff's deposition the week prior. *See* Email "RE: NOTICE OF SERVING COURT DOCUMENTS: Case 1:22-cv-20673-KMM Cherfrere v. Westchester Surplus Lines Insurance Company" dated August 23, 2022, appended hereto as Exhibit E.

On August 23, 2022, at approximately 12:05 p.m., Plaintiff received Defendant's underwriting file, which included three-hundred and thirteen (313) pages of documents. *See* Email "NOTICE OF SERVING COURT DOCUMENTS: Case 1:22-cv-20673-KMM Cherfrere v. Westchester Surplus Lines Insurance Company" dated August 23, 2022, appended hereto as Exhibit F.  Defendant informed Plaintiff shortly before 10:00 a.m.—while waiting for the deposition of the Defendant's independent adjuster to begin—that Defendant's position had changed and that the underwriting file was now relevant.  Plaintiff requested to depose the corporate representative, given the provision of the underwriting file. *See* Exhibit E.  Defendant responded to Plaintiff's request hours later at 6:53 p.m., without committing to a deposition prior to the expiration of the discovery period. *See* Exhibit E.  Rather, Defendant continued to contest the significance of policy language, yet claimed that an entry on the Plaintiff's application, which had not been previously disclosed, supported the Defendant's position. *See* Exhibit E.  Given the short amount of time available before the discovery period closes, Plaintiff files this Motion.

## APPLICABLE LAW

Federal Rule of Civil Procedure 37(c) requires that where a party, "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Under Rule 26(e), a party has an affirmative duty to timely supplement or correct its disclosure or response where "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 37(a)(1) provides a remedy failure to cooperate with discovery:

"[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

## ARGUMENT

I. **DEFENDANT SHOULD BE BARRED FROM USING THE DOCUMENTS OR INFORMATION CONTAINED IN THE UNDERWRITING FILE IN ANY MOTION, HEARING, OR AT TRIAL**

The central issue in dispute in this case involves the "protective safeguards" endorsement in the policy, including its meaning and significance vis-à-vis the remainder of the policy. Defendant's late disclosure of the underwriting file—especially under the present conditions—is neither justified nor harmless.

"A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Salvani v. Corizon Health, Inc.*, 2019 U.S. Dist. LEXIS 125729, 2019 WL 3410028, at *2 (S.D. Fla. July 29, 2019). Five factors apply in the court's determination: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Rodriguez v. Scottsdale Ins. Co.*, 2021 U.S. Dist. LEXIS 202715, at *19 (S.D. Fla. Oct. 21, 2021) (citing *United States ex rel. Bane v. Breathe Easy Pulmonary Servs.*, 2009 U.S. Dist. LEXIS 4567 (M.D. Fla. Jan. 14, 2009).

In this case, all five factors weigh in favor of excluding the underwriting file.

### A. Defendant's Disclosure and Reliance on the Underwriting File Surprised the Plaintiff

Until this morning, the Defendant made clear that it was not seeking recission of the Policy and was not in any way relying upon the Plaintiff's application for its defense. In fact, Defendant's position was that the entire underwriting file was "irrelevant." Indeed, Defendant's latest email from its counsel now seems to point to a section of the Plaintiff's previously undisclosed application in support of Defendant's own position. It would be a grave injustice for the Defendant to be permitted to use the information in the underwriting file to support its position where only yesterday—four days prior to the end of the discovery period—the Defendant held firm that the underwriting file was "irrelevant." Accordingly, this factor weighs in Plaintiff's favor.

### B. Plaintiff Is Unable to Cure the Surprise

There are only three (3) days left in the discovery period. Plaintiff's counsel is already engaged in various other matters for the remainder of this week. Due to time and personnel

constraints, especially given that Plaintiff's counsel is a small firm with limited staff, it would be unreasonable to expect the Plaintiff to issue additional written discovery and complete every deposition that it may need to fully explore and vet Defendant's newly-hinted defense. Accordingly, this factor weighs in Plaintiff's favor.

### C. Allowing the Underwriting File Would Disrupt the Trial

To complete discovery as to the underwriting file, Plaintiff would significant additional discovery, including both written discovery and depositions. As the matter is set for trial in less than four months' time, the trial would likely need to be re-set to accommodate the expanded need for discovery. Accordingly, this factor weighs in Plaintiff's favor.

### D. The Ambiguity of the Underwriting File Renders It Inconclusive

Just hours prior to Plaintiff filing the instant Motion, defense counsel made a vague reference to the Plaintiff's application for insurance, which is contained in the underwriting file. The actual section referenced is a single checkbox, but the follow up checkboxes to denote attributes of a smoke detector remain unchecked. However, other sections of the same application that similarly require the completion of follow up checkboxes are properly completed. Likewise, the inspection report for the property—also previously undisclosed—left the section for smoke detectors entirely blank. Accordingly, it is inconclusive at best as to whether there were any smoke detectors at the Property.

### E. Defendant's Explanation for Its Prior Failure Is Disingenuous at Best

Defense counsel's actions and response to the request for deposition of the corporate representative (see Exhibit E) raise significant questions about how the Defendant intends to proceed at trial. It is an abuse of the discovery process for the Defendant to so suddenly deem the

underwriting file relevant after vehemently fighting against its disclosure for months and objecting to Plaintiff's inquiries as to the underwriting file.

Defendant has not at any point alleged that the underwriting file was unavailable or otherwise not in its care, custody, or control. Likewise, Defendant was on notice that Plaintiff sought the underwriting file and that the Plaintiff intended to argue as to the meaning of the policy language—particularly the word "maintain"—and whether such language could apply in the absence of a fire protective device. None of this information is new or previously unavailable. Accordingly, this factor weighs in Plaintiff's favor.

Accordingly, Defendant must not be permitted to use the underwriting file or information from it in any motion, hearing, or at trial.

II. **IN THE ALTERNATIVE, DEFENDANT SHOULD BE COMPELLED TO PRODUCE A CORPORATE REPRESENTATIVE TO RESPOND TO INQUIRIES REGARDING THE LATE-PRODUCED UNDERWRITING FILE AND THE DISCOVERY PERIOD SHOULD BE ENLARGED SO THAT THE PLAINTIFF MAY COMPLETE DISCOVERY AS TO THE UNDERWRITING FILE**

Throughout the discovery process, the Defendant's position has been that the underwriting file was irrelevant. The Defendant's corporate representative acknowledged that its only defense was that the Plaintiff failed to comply with the protective safeguards endorsement. The corporate representative did not have access to the underwriting file at the time of the deposition and Plaintiff was not able to examine the corporate representative as to the contents of the underwriting file because Plaintiff did not have access to the file until today.

## CONCLUSION

The Plaintiff should not be compelled to provide documents and information that he does not have, particularly where Defendant was on notice of the same.

WHEREFORE, Plaintiff prays that this Court will grant Plaintiff's Motion to Preclude the Defendant from Using the Documents or Information Contained in the Underwriting File in Any Motion, Hearing, or at Trial or in the alternative, Order the Defendant to produce a corporate representative to respond to inquiries about the underwriting file and/or enlarge the time for Plaintiff to complete discovery, and grant any other and further relief as it deems just and proper.

Dated: August 23, 2022

*Respectfully submitted,*
**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
By: /s/ *Melissa Mazzitelli*
    **K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law; olugo@roller.law
    **MELISSA MAZZITELLI, ESQ.** (FBN 1019252)
    Email: Mmazzitelli@roller.law
    Sec: olugo@roller.law
    **SERVICE:** HOpleadings@roller.law;
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant through ECF as follows: Cozen O'Connor, One North Clematis Street, Suite 510, West Palm Beach, FL 33401; Tel: (561) 515-5250; jdickenson@cozen.com, cpasternack@cozen.com, aschultz@cozen.com, EHolober@cozen.com, kdaugharty@cozen.com, lmurphy@cozen.com.

Dated: This 23rd day of August, 2022

By: /s/ *Melissa Mazzitelli*
**MELISSA MAZZITELLI, ESQ.** (FBN 1019252)