UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20673-KMM

FRANCEOUR CHERFRERE,

        Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

        Defendant.

_____/

## DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION

Defendant, Westchester Surplus Lines Insurance Company, responds and objects to the Request for Production served by Plaintiff, Franceour Cherfrere, as follows:

**REQUEST NO. 1:**

The original and/or a true and correct certified copy of the insurance policy described in the Complaint including declarations page and all addendums, if any.

**RESPONSE:**

A copy of the policy has been produced.

**REQUEST NO. 2:**

All correspondence or written communications from Defendant to Plaintiff regarding the subject loss alleged in the Complaint.

**RESPONSE:**

Westchester objects to Request No. 2 because the allegations of the Complaint are ambiguous as to the loss at issue. Westchester will interpret this Request as referring to the loss described in the Amended Complaint. Subject to this objection, responsive documents have been produced.

**REQUEST NO. 3:**

Any and all written estimates of repairs created by and/or on behalf of the Defendant regarding any and all damages to the subject premises allegedly occurring as a result of the subject loss.

**RESPONSE:**

Responsive documents have been produced.

**REQUEST NO. 4:**

Copies of any recorded statement(s) taken by Defendant or their agents regarding the subject loss alleged in the Complaint.

**RESPONSE:**

Westchester objects to Request No. 2 because the allegations of the Complaint are ambiguous as to the loss at issue. Westchester will interpret this Request as referring to the loss described in the Amended Complaint. Subject to this objection, Westchester has performed a diligent search and has not yet found any recorded statements. Discovery is ongoing, so Westchester reserves the right to amend or supplement this response.

**REQUEST NO. 5:**

All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the entire policy of insurance described in the complaint/Complaint was mailed or delivered to Plaintiff.

**RESPONSE:**

Westchester objects to Request No. 5 on the basis of relevance. The delivery of the policy is not relevant to any fact in dispute. The delivery of the policy is an underwriting concern, and there are no underwriting issues in this lawsuit. Westchester further objects to Request No. 5 as ambiguous as to time because it is not clear whether it seeks documents pertaining to the transmittal of the policy at any time or only before or after the reporting of the claim.

**REQUEST NO. 6:**

All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the Homeowners Bill of Rights was mailed or delivered to the Plaintiff.

**RESPONSE:**

Westchester objects to Request No. 6 on the basis of relevance. This dispute involves a commercial property insurance policy, not a homeowner's policy. The documents requested in Request No. 6 are not relevant to any fact in dispute.

**REQUEST NO. 7:**

All Claims Handling Manuals, training materials, or any other internal guidelines regarding policy interpretation and application of policy language to reported losses.

**RESPONSE:**

Westchester objects to Request No. 7 as not relevant to any clam or defense in this action. The handling of the claim is not at issue in this action for insurance coverage and the policy is to be interpreted by the plain meaning of the text. Request No. 7 is also overbroad because it is not limited to any specific policy language. Westchester further objects to this Request as seeking improper bad faith discovery. Bad faith discovery is neither relevant nor permitted in this cause of action. ACE further objects because this Request is not limited to the insurance policy or vessel at issue in this lawsuit, and is therefore, overbroad. *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 696 (S.D. Fla. 2007) ("As such, discovery geared solely towards Plaintiff's bad faith claim is premature and irrelevant at this stage, and thus not subject to discovery."); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 694 (S.D. Fla. 2010) ("Royal Bahamian essentially seeks all documents describing the way in which any person involved in the handling of its claim is paid. . . . In general, such evidence is only relevant to a bad faith case, not a first party coverage case.").

**REQUEST NO. 8:**

All Claims Handling Manuals, training materials, or any other guidelines regarding Defendant's procedures for inspections following a reported loss.

**RESPONSE:**

Westchester objects to Request No. 8 as not relevant to any clam or defense in this action. The handling of the claim is not at issue in this action for insurance coverage. Westchester further objects to this Request as seeking improper bad faith discovery. Bad faith discovery is neither relevant nor permitted in this cause of action. ACE further objects because this Request is not limited to the insurance policy or vessel at issue in this lawsuit, and is therefore, overbroad. *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 696 (S.D. Fla. 2007) ("As such, discovery geared solely towards Plaintiff's bad faith claim is premature and irrelevant at this stage, and thus not subject to discovery."); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 694 (S.D. Fla. 2010) ("Royal Bahamian essentially seeks all documents describing the way in which any person involved in the handling of its claim is paid. . . . In general, such evidence is only relevant to a bad faith case, not a first party coverage case.").

**REQUEST NO. 9:**

Any and all field notes and/or all other documentation of any sort relating to any investigation undertaken with regard to the Plaintiffs claim prior to Defendant's reasonably anticipated litigation.

**RESPONSE:**

Westchester has produce its claim file, with the exception of documents protected by the attorney-client privilege or work-product doctrine.

**REQUEST NO. 10:**

Any and all photographs, videos, diagrams, or other documentation depicting the subject loss and/or relating to the Plaintiffs subject property.

3

**RESPONSE:**

Responsive documents within Westchester's claim file have been produced.

**REQUEST NO. 11:**

The entire underwriting file relating to the Plaintiffs subject property.

**RESPONSE:**

Westchester objects to Request No. 11 as not relevant to any claim or defense in this action. There are no underwriting issues being litigated.

**REQUEST NO. 12:**

Coverage Determination letters and any other correspondence related to all prior claims reported by Plaintiff(s) relating to the subject property, including claim numbers, dates of loss, cause of loss, and the ultimate coverage determination.

**RESPONSE:**

Westchester objects to Request No. 12 on the basis of relevance because prior claims are not at issue in this lawsuit. Only a single insurance claim is in dispute, and Westchester has produced the relevant claim file.

**REQUEST NO. 13:**

All reports prepared by Defendant or Defendant's agents/representatives who inspected the property in connection with the subject claim.

**RESPONSE:**

Responsive documents have been produced.

**REQUEST NO. 14:**

All reports, photographs, sketches, notes, estimates, and other documentation prepared by any roofer licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

**RESPONSE:**

Westchester objects to Request No. 14 on the basis of relevance because the roof at the property is not at issue. This lawsuit pertains to a fire loss.

**REQUEST NO. 15:**

All reports, photographs, sketches, notes, estimates, and other documentation prepared by any contractor licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

**RESPONSE:**

Responsive documents have been produced.

**REQUEST NO. 16:**

Any and all documentation showing any professional licenses held by Defendant's Field Adjuster assigned to the subject claim.

**RESPONSE:**

Westchester objects to Request No. 16 as not relevant to any claim or defense in this action. The credentials of a non-expert are not relevant. Westchester further objects to this Request as seeking improper bad faith discovery. Bad faith discovery is neither relevant nor permitted in this cause of action. ACE further objects because this Request is not limited to the insurance policy or vessel at issue in this lawsuit, and is therefore, overbroad. *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 696 (S.D. Fla. 2007) ("As such, discovery geared solely towards Plaintiff's bad faith claim is premature and irrelevant at this stage, and thus not subject to discovery."); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 694 (S.D. Fla. 2010) ("Royal Bahamian essentially seeks all documents describing the way in which any person involved in the handling of its claim is paid. . . . In general, such evidence is only relevant to a bad faith case, not a first party coverage case."). Westchester also objects to the term "Defendant's Field Adjuster" as vague and ambiguous. Westchester engaged an independent adjuster to inspect the property and assist with the adjustment.

**REQUEST NO. 17:**

All reports, photographs, sketches, notes, estimates, and other documentation prepared by Defendant's Field Adjuster in connection with the subject claim.

**RESPONSE:**

Westchester objects to the term "Defendant's Field Adjuster" as vague and ambiguous. Westchester engaged an independent adjuster to inspect the property and assist with the adjustment. Westchester has produced copies of the independent adjuster reports.

**REQUEST NO. 18:**

Any and all documentation upon which Defendant relied to issue its coverage determination letter.

**RESPONSE:**

Responsive documents have been produced.

                              Respectfully submitted,

                              **COZEN O'CONNOR**

By:   /s/ John David Dickenson
       John David Dickenson
       Florida Bar No. 575801
       jdickenson@cozen.com
       Chad A. Pasternack
       Florida Bar No. 117885
       cpasternack@cozen.com
       One North Clematis Street, Suite 510
       West Palm Beach, Florida  33401
       Telephone:  (561) 515-5250
       Facsimile:   (561) 515-5230
       *Counsel for Defendant, Westchester Surplus Lines Insurance Company*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email this 1st day of August, 2022 on All Counsel listed on the following Service List.

                              /s/  John David Dickenson
                              John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
K. Brian Roller, Esq.
Melissa Mazzitelli, Esq.
THE ROLLER LAW GROUP
801 NE 167th St., Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
Email: broller@roller.law
       mmazzitelli@roller.law
       lescobar@roller.law
       olugo@rollerlaw.law
       HOpleadings@roller.law