UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20673-KMM

FRANCEOUR CHERFRERE,

       Plaintiff,

v.

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

       Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO NOTICE OF TAKING DEPOSITION DUCES TECUM

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), objects to the Notice of Taking Deposition Duces Tecum served by Plaintiff, Franceour Cherfrere, as follows:

On August 4, 2022, Plaintiff served a Notice of Taking Deposition Duces Tecum for a deposition of "Defendant's Corporate Representative" to take place on August 22, 2022. Westchester objects to inquiry into the underwriting of the policy on the basis of relevance and as being overbroad. This is an action for breach of contract in connection with the denial of an insurance claim.

Westchester also objects to the document request accompanying the Notice. Federal Rule of Civil Procedure 30(b)(2) states that a notice to a party deponent may be accompanies by a request under Rule 34 to produce documents and tangible things at the deposition. However, Federal Rule of Civil Procedure 34(b)(2)(A) provides that a party has 30 days to respond, unless a shorter or longer time is stipulated to or ordered by the Court. Westchester has not stipulated to producing documents on eighteen days' notice, and therefore the request is invalid. Westchester

further objects under S.D. Fla. Local Rule 26.1(d) because the discovery deadline is August 26, 2022.

Westchester also objects to the Notice insofar as it requests Westchester produce documents it has already produced. With respect to specific Requests:

**REQUEST NO. 1:**

The entire claim file, even those parts you claim as privileged, so that you can use it to refresh your memory as necessary. Plaintiffs' counsel agrees that the deponent's review of privileged documents to does not waive the asserted privilege.

**RESPONSE:**

The claim file has already been produced in response to Plaintiff's Request for Production, with the exception of those documents identified on Defendant's Privilege Log. Westchester objects to producing privileged documents.

**REQUEST NO. 2:**

The entire underwriting file, even those parts you claim as privileged, so that you can use it to refresh your memory as necessary. Plaintiffs' counsel agrees that the deponent's review of privileged documents to refresh recollection does not waive the asserted privilege.

**RESPONSE:**

Westchester objects to Request No. 2 on the basis of relevance. There are no underwriting issues in this lawsuit.

**REQUEST NO. 3:**

Any and all Field notes taken in relation to the subject claim.

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 4:**

Any and all drafts estimates prepared by Defendant/Defendant's Agents/Defendant's Representatives relating to the instant claim.

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 5:**

All correspondence and memoranda between Defendant Insurer and any third party(including, but not limited to, any independent adjusters, estimators, engineers).

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 6:**

Any and all Reports pertaining to the subject loss(es) and claim(s).

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 7:**
Any estimates prepared on this matter

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 8:**

All Photographs, charts, plans, etc. of the subject premises.

**RESPONSE:**

Westchester objects to Request No. 8 on the basis of relevance and as overbroad to the extent it seeks documents unrelated to the damage at issue in this lawsuit. Notwithstanding this objection, Westchester has produced its claim file.

**REQUEST NO. 9:**

The Insurance policy at issue.

**RESPONSE:**

Westchester has produced a copy of the policy.

**REQUEST NO. 10:**

All of the professional licenses held by you and any of Defendant's agents/representatives involved in the subject claim for the past five (5) years.

**RESPONSE:**

Westchester objects on the basis of relevance. The witness is testifying as a representative under Federal Rule of Civil Procedure 30(b)(6), not as an expert.

**REQUEST NO. 11:**

All electronic correspondences (emails) pertaining to this claim between Defendant and Plaintiffs and any third party.

**RESPONSE:**

Westchester objects to Request No. 11 as ambiguous because it is not clear whether it is seeking all correspondence involving the parties, or just those jointly from or to Plaintiff and Defendant, on the one hand, and a third-party, on the other. Notwithstanding this objection, Westchester has produced its claim file.

**REQUEST NO. 12:**

Defendant's responses to Plaintiffs' written discovery.

**RESPONSE:**

Westchester objects to Request No. 12 as facially redundant because it seeks documents Westchester has already served on Plaintiff.

**REQUEST NO. 13:**

All correspondence between Defendant/Defendant's Agents relating to the subject claim.

**RESPONSE:**

Westchester objects to Request No. 13 to the extent it seeks communications with counsel that are protected by the attorney-client privilege and/or work product doctrine. Subject to this objection, Westchester has produced its claim file.

**REQUEST NO. 14:**

All invoices, documentation of payments, bills, and other documentation relating to any payments made to any vendors in relation to this claim.

**RESPONSE:**

Westchester objects to Request No. 14 on the basis of relevance. Notwithstanding this objection, Westchester has produced its claim file and served Defendant's Rule 26 Expert Disclosures.

**REQUEST NO. 15:**

All correspondence including electronic correspondence to Plaintiff(s) from Defendant or Defendant's Agents.

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 16:**

All correspondence including electronic correspondence from Plaintiff(s) to Defendant or Defendant's Agents.

**RESPONSE:**

Westchester has produced its claim file.

**REQUEST NO. 17:**

All documents relied upon in support of Defendant's Affirmative Defenses.

**RESPONSE:**

Westchester objects to Request No. 17 because it has not yet filed affirmative defenses.

**REQUEST NO. 18:**

All documents relied upon in support of Defendant's Avoidance Defenses.

**RESPONSE:**

Westchester objects to Request No. 18 because it is not clear what "Avoidance Defenses" it is referring to. Notwithstanding, Westchester has produced its claim file and served expert disclosures.

**REQUEST NO. 19:**

Proof of mailing and proof of delivery of all correspondence claimed to have been sent to the Plaintiff(s) in relation to the subject claim.

**RESPONSE:**

Westchester objects to Request No. 19 on the basis of relevance. The mailing of correspondence is not relevant to any claim or defense in this action.

**REQUEST NO. 20:**

All documents submitted to Defendant by Plaintiff(s) or their Agents/Representatives.

**RESPONSE:**

Westchester objects to Request No. 20 as overbroad. Westchester will reasonably interpret this request as seeking documents relating to the subject insurance claim. Subject to this objection, Westchester has produced its claim file.

**REQUEST NO. 21:**

All other documents relied upon in Defendant's defense of this matter.

**RESPONSE:**

Responsive documents have been produced.

Respectfully submitted,

**COZEN O'CONNOR**

By: __/s/ John David Dickenson__
      John David Dickenson
      Florida Bar No. 575801
      jdickenson@cozen.com
      Chad A. Pasternack
      Florida Bar No. 117885
      cpasternack@cozen.com
      One North Clematis Street, Suite 510
      West Palm Beach, Florida  33401
      Telephone:  (561) 515-5250
      Facsimile:   (561) 515-5230
      *Counsel for Defendant, Westchester Surplus Lines Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email this 22nd day of August, 2022 on All Counsel listed on the following Service List.

/s/ John David Dickenson
John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
K. Brian Roller, Esq.
Melissa Mazzitelli, Esq.
THE ROLLER LAW GROUP
801 NE 167th St., Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333
Email: broller@roller.law
mmazzitelli@roller.law
lescobar@roller.law
olugo@rollerlaw.law
HOpleadings@roller.law